UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**TABITHA AVILA**                                                                                                  **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 4:21-CV-P137-JHM**

**DAVIESS COUNTY DETENTION CENTER**                                   **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claim but provide her the opportunity to file an amended complaint.

**I.**

Plaintiff is incarcerated as a pretrial detainee at the Daviess County Detention Center (DCDC) which she names as the only Defendant in this action.

She makes the following allegations in the complaint:

I am being denied medical care and medical treatment. Vera, the nurse at [DCDC], stated I had fleas. This was on 11.30.2021 . . . . Vera did treat me for lice, even though she said I had fleas. On 12.14.21, I went to medical for lice again. Inmates were pulling the lice bugs of my hair. Again, the nurse Vera stated I did not have lice, and she would not treat it. I placed several grievances to the jail and to medical about the lice in my hair and the constant itching. Nothing has been done. On 12.16.2021, Sgt Hicks came in and checked my hair, and stated the bug taken from my head was not lice and we found it on the floor. He said I had no lice, no eggs. Yet, many girls in here have seen the eggs and lice. We have even given to Deputy Parham a pad with lice stuck to it twice. She even stated it was not lice. . . . Additionally, on 12.14.21 I was trying to show Patty, LPN, my head and she replied, "I don't give a f—k." Then, she walked off.

As relief, Plaintiff seeks damages and injunctive relief.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

DCDC is not an entity subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). In this situation, Daviess County is the proper Defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). When a § 1983 claim is made against a municipality such as Daviess County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Here, Plaintiff does not allege that any alleged constitutional violation was the result of a custom or policy implemented or endorsed by Daviess County. Thus, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

However, before dismissing this action, the Court will allow Plaintiff the opportunity to file an amended complaint in which she names as Defendants the individuals whom she alleges caused her harm, states specific allegations against them, and sues them in their individual capacities. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against Daviess County is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file an amended complaint in which she: 1) names as Defendants the persons who allegedly violated her constitutional rights and describes the actions taken by each; 2) sues these Defendants in their individual capacities; and 3) completes a summons form for each newly named Defendant.[1]

The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, this action will be DISMSSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

---

[1] Regarding the completion of the summon form, Plaintiff must: (1) prepare a summons each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.

4

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and the instant case number.  The Clerk of Court shall also send Plaintiff three blank summons forms with the instant case number.

Date: March 17, 2022

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
    Daviess County Attorney
4414.011